IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

 **v.**           **CRIMINAL NO. 1:11CR51**
                 **(Judge Keeley)**

**LEO HACKETT,**
**ANTHONY YOUNG,**
**DEMETRIUS PALMER,**

   **Defendants.**

### ORDER DENYING UNITED STATES' APPEAL [DKT. NO. 118] AND ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 96]

On September 1, 2011, the defendant Anthony Young ("Young") filed a motion to dismiss for prosecutorial delay (dkt. no. 63), a motion to suppress statements or, in the alternative, a request for additional discovery (dkt. no. 64), a motion for unredacted discovery (dkt. no. 65), and a motion to adopt co-defendants' motions (dkt. no. 66). On September 12, 2011, the defendant Demetrius Palmer ("Palmer") filed a motion to dismiss for pre-indictment delay (dkt. no. 75), a motion to suppress statements (dkt. no. 76), and a motion to adopt co-defendants' motions (dkt. no. 77). On September 12, 2011, the defendant Leo Hackett filed a motion to join co-defendants' motions (dkt. no. 82). On September 13, 2011 the Court granted all three motions to adopt co-defendants' motions and, pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B) and L.R. Civ. P. 7.02(c), referred the remaining motions to United

**ORDER DENYING APPEAL AND ADOPTING REPORT AND RECOMMENDATION**

States Magistrate Judge John S. Kaull for an order or report and recommendation, as appropriate.

During a hearing on the pending motions before Judge Kaull on September 23, 2011, the defendants orally moved for an order compelling the Government to produce polygraph data and the raw notes from agent interviews of the defendants.[1] On September 30, 2011, Judge Kaull issued an Order/Report and Recommendation/Opinion (1) granting in part and denying in part the defendants' motion for unredacted discovery, (2) granting the defendants' oral motion for production of the rough notes of agent interviews, (3) denying the defendants' oral motion for production of polygraph data, (4) recommending that the defendants' motions to dismiss be denied without prejudice, and (5) recommending that the defendants' motions to suppress be denied.

The Report and Recommendation also specifically warned the parties that their failure to object to the recommendations would result in the waiver of their appellate rights on those issues. Nevertheless, neither party filed any objections to the

---

[1] The Government contends that the defendants' request for notes was limited only to the polygraph agents' notes. Upon a review of the record, however, the Court concurs with Judge Kaull's conclusion that the defendants' oral motion encompassed a broader request for the production of all agent notes from interviews of the defendants.

recommendations.[2] The United States, however, did file a timely appeal from Judge Kaull's order granting the defendants' oral motion for production of the rough notes of agent interviews (dkt. no. 118).[3]

On appeal, this Court may reconsider Judge Kaull's determination only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 18 U.S.C. § 636(b)(1)(A) (2006). As other courts have noted, this standard of review affords great deference to the magistrate judge.

> This standard vests broad discretion in the magistrate judge with regard to the resolution of discovery disputes. Indeed, the clear error standard allows reversal only where, after review of the entire record, the district court is left with the definite and firm conviction that a mistake has been committed.

Baird v. CCDC/CCSCC, No. 2:08-00044, 2008 WL 4999252, at *2 (S.D.W. Va. Nov. 20, 2008) (internal quotation marks and citations omitted). Here, the Court finds no indication of clear error. Judge Kaull's order is well-reasoned and adequately grounded in precedent.

---

[2] The parties' failure to object to the Report and Recommendation not only waives their appellate rights as to those issues, but also relieves the Court of any obligation to conduct a de novo review. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

[3] Although characterized as an "Objection to Magistrate Judge's Recommendation," the Court construes the Government's filing as an appeal from Judge Kaull's order. Pursuant to 28 U.S.C. § 636(b)(1)(A) and per this Court's Order, Judge Kaull was authorized to resolve by order nondispositive discovery disputes such as the subject of the defendants' oral motion. Accordingly, the Government's appropriate remedy was to appeal that decision to this Court.

Consequently, the Court:

1. **DENIES** the Government's appeal and **AFFIRMS** Judge Kaull's order granting the defendants' oral motion for production of the rough notes of agent interviews;

2. **ADOPTS** the Report and Recommendation in its entirety;

3. **DENIES WITHOUT PREJUDICE** the defendants' motions to dismiss (dkt. nos. 63, 75); and

4. **DENIES** the defendants' motions to suppress (dkt. nos. 64, 76).

It is so **ORDERED.**

The Court directs the Clerk of the Court to transmit copies of this order to counsel of record.

Dated: November 2, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE